UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

CASE NUMBER:

IN THE MATTER OF:

BV CHARTERS, LLC, as Owner, and
MB RENTAL, LLC, as owner *Pro Hac Vice,*
of the M/Y *Iris*, a 2006 39' Meridian Yacht
bearing Hull Identification Number
MDNH6019B606, its Engines, Tackle,
Appurtenances, Equipment, Etc.,
in a cause for Exoneration from or
Limitation of Liability,

      Petitioners.

_____/

**JOINT PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioners, BV CHARTERS, LLC, as Owner, and MB RENTAL, LLC, as Owner *Pro Hac Vice* of the M/Y *Iris,* a 2006 39' Meridian Yacht bearing Hull Identification Number MDNH6019B606, its Engines, Tackle, Appurtenances, Equipment, Etc., pursuant to Supplement Rule F of the Federal Rules of Civil Procedure, 46 USC § 30501 *et seq.*, and Local Admiralty Rule F file their Joint Petition for Exoneration from or Limitation of Liability, and allege as follows:

1. This Petition sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Local Admiralty Rule F.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C § 30501*, et seq.*

CASE NO.: _____

2

3. The M/Y *Iris*, a 2006 39' Meridian Yacht bearing Hull Identification Number MDNH6019B606, its Engines, Tackle, Appurtenances, Equipment, Etc., is a seagoing vessel per 46 U.S.C. § 30506(a).

4. At all times material hereto, Petitioner, BV Charters, LLC, was the owner of the Vessel *Iris*.

5. At all times material hereto, Petitioner, MB Rental, LLC, was the owner, *pro hac vice*, of the Vessel *Iris*.

6. This Complaint is filed within six (6) months of Petitioners' receipt of first written notice of a possible claim against them, arising from the subject incident and subject to exoneration from or limitation of liability.

7. Venue is proper pursuant to Supplemental Rule F(9) because the incident giving rise to potential claims of liability against Petitioners occurred within this Court's jurisdiction and because the vessel is and remains within this district.

8. On or about April 28, 2022, Danielys Hernandez was a mate aboard the *Iris* in Florida territorial waters near Miami-Dade County, Florida, and allegedly sustained injury to her body.

9. The following person, as of this date, has asserted claims against Petitioners as a result of the incident of April 28, 2022:

   a. Danielys Hernandez

10. At all times material hereto, the *Iris* was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted

CASE NO.: _____

3

and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

11. The Incident and any ensuing property loss, damages, personal injury, death, and/or casualty were not caused by Petitioners' fault, or any person for whose actions Petitioners are responsible. Neither Petitioners nor the Vessel *Iris* are liable to any extent, and Petitioners are entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

12. Alternatively, and without admitting liability, Petitioners allege that in the event they or the Vessel *Iris* should be held at fault to any parties by reason of the Incident set forth above, Petitioners claim such fault was occasioned and occurred without the privity or knowledge of Petitioners or any of their members, managers, directors, officers, stockholders, or any persons whose actions Petitioners are responsible, at or before the Incident.

13. The Vessel's post-incident value is appraised at $195,400. There was no pending freight at the voyage termination. *See* Ad Interim Stipulation for Costs and Value, filed concurrently with this action.

14. Subject to an express reservation of rights, Petitioners file contemporaneously herewith an Ad Interim Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value as security to be approved by the Court.

15. Should the Court require it, Petitioners are prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary

CASE NO.: _____

4

under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners respectfully request:

a. Upon filing the Ad Interim Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries, or destruction with respect to which Petitioners seek exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioners' attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the Ad Interim Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioners, their underwriters, or any of their property with respect to any claim for which Petitioners seek limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioners' interest therein and pending freight, if any, per Local Admiralty

Rule F3, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioners and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioners are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interest in the Vessel *Iris*, and may be divided pro rata among such claimants; and that a judgment be entered discharging Petitioners and the Vessel *Iris* of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners or their property as result of or in connection with the Incident; and

e. This Court grant Petitioners such other and further relief that justice may require.

Dated: November 29, 2022

        **McALPIN TANNER MARCOTTE, P.A.**
        80 Southwest 8th Street, Suite 2805
        Miami, Florida 33130
        Telephone: 305-810-5400
        Facsimile: 305-810-5401

        By:   */s/ Richard J. McAlpin*
               RICHARD J. McALPIN
               Florida Bar No.: 438420
               rmcalpin@mtm-legal.com
               DANIEL SCOTT MARCOTTE
               Florida Bar No.: 52314

CASE NO.: _____
6

dmarcotte@mtm-legal.com
*Attorneys for BV Charters, LLC*

and

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: 305-379-3686
Facsimile: 305-379-3690

*/s/ Elisha M. Sullivan*
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Charlotte P. Zubizarreta, Esq.
Florida Bar No. 100097
czubizarreta@hamiltonmillerlaw.com
Elisha M. Sullivan, Esq.
Florida Bar No. 0057559
esullivan@hamiltonmillerlaw.com
*Attorneys for MB Rental, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 29, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:   */s/ Richard J. McAlpin*
       Richard J. McAlpin